UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE:  YASMIN AND YAZ (DROSPIRENONE) MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION ) ) ) ) ) | 3:09-md-02100-DRH-PMF<br><br>MDL No. 2100 |

**This Document Relates to:**

*Amanda Bennefield, et al. v.*          No. 3:11-cv-11317-DRH-PMF
*Bayer HealthCare Pharmaceuticals, Inc., et al.*[1]

*Emily Jones, et al. v.*          No. 3:11-cv-11320-DRH-PMF
*Bayer HealthCare Pharmaceuticals, Inc., et al.*[2]

## ORDER DISMISSING WITH PREJUDICE

**HERNDON, Chief Judge:**

This matter is before the Court on the defendant Bayer HealthCare Pharmaceuticals Inc.'s motion, pursuant to Case Management Order 12 ("CMO 12"), for an order dismissing the plaintiffs' claims, in the above-captioned matters, with prejudice for failure to comply with Plaintiff Fact Sheet ("PFS") obligations.

On February 9, 2012, Bayer HealthCare Pharmaceuticals Inc. moved to dismiss the above captioned matters without prejudice for failure to comply with PFS obligations.  The Court granted the motion on March 1, 2012

---

[1] This motion applies only to plaintiffs Vera Channell, Priscilla Martinez, and Amanda Rasmussen.
[2] This motion applies only to plaintiffs Emily Jones and Jennifer Mighton.

In the order dismissing the above captioned actions, the Court warned the plaintiffs that, "pursuant to CMO 12 Section E, **unless plaintiffs serve defendants with a COMPLETED PFS or move to vacate the dismissal without prejudice within 60 days after entry of this Order, the Order will be converted to a <u>Dismissal With Prejudice</u> upon defendants' motion.**"

On April 2, 2013, more than one year after the entry of the order of dismissal without prejudice, Bayer HealthCare Pharmaceuticals Inc. filed the subject motion, stating the plaintiffs are still not in compliance with their PFS obligations and asking the Court to convert the dismissals to dismissals with prejudice pursuant to Section E of CMO 12,

To date, none of the above captioned plaintiffs have taken any steps to cure their PFS deficiencies, to address the without prejudice dismissal, or to reply to the motion for dismissal with prejudice. The plaintiffs have had ample time to cure the any PFS deficiencies and avoid a with prejudice dismissal.

Having considered the motion and the relevant provisions of CMO 12 the Court **ORDERS** as follows:

The plaintiffs in the above captioned actions have failed to comply with their obligations pursuant to CMO 12 and more than 60 days have passed since the entry of the order of dismissal without prejudice for failure to comply with

CMO 12. Accordingly, pursuant to Section E of CMO 12, **the plaintiffs' complaints are hereby dismissed WITH prejudice**.

**Further**, the Court **DIRECTS** the Clerk of the Court to enter judgment reflecting the same at the close of the case.

**SO ORDERED:**

David R. Herndon
2013.06.20
12:09:51 -05'00'

**Chief Judge**  　　　　　　　　　　　　　　　　　　　　**Date: June 20, 2013**
**United States District Court**